PURDY *v.* LACOCK.

</div>

A. judgment confessed by one partner to another, to secure the amount of the capital stock advanced by such partner, who had agreed to enter into a special partnership, but became a general partner by reason of non-compliance with the requisitions of the act of Assembly, is valid against a separate creditor of the partner who confessed the judgment.

Whether such a judgment by a special partner under the act of Assembly would be valid, *query?*

IN error from the Common Pleas of Beaver.county.

*Oct.* 6. This was a feigned issue directed on behalf of Purdy, a creditor of Power, to determine whether a judgment confessed by Power to Lacock was satisfied.

In March, 1837, Lacock and Power entered into partnership; Lacock agreeing to become a special partner, and advancing $4000 as capital; but though the articles were recorded, the act of Assembly relating to limited partnerships was not complied with in other respects.

In August, 1837, Power confessed the judgment in question to Lacock, and the firm was dissolved in 1841.

Purdy recovered judgments against Power in August, 1837, subsequent to the judgment in favour of Lacock.(*a*)

The court instructed the jury, that if Lacock's judgment was to secure him any part of the capital advanced, or its interest, it was valid against Purdy, an individual creditor of Power.

On the trial, the defendant read in evidence, under objection, a bond of indemnity by Lacock and Power, to one Pinney. He had been a former partner of Power, and was succeeded in the firm by Lacock, who, with Power, gave this bond to secure him from the liabilities of the firm.

*Cunningham* and *Fetterman*, for plaintiff in error, argued that the intention was to create a special partnership under the act, which had failed by non-compliance with the requisitions. The judgment would be fraudulent on the creditors of Purdy, had Lacock been legally a special partner, and it could not be rendered valid by the accidental omission which rendered him a general partner; Gates *v.* Johnson, 3 Barr, 55; Donaldson *v.* West Branch Bank, 1 Barr, 294, 5 Mass. 395; Whiting *v.* Johnson, 11 Serg. & Rawle, 328; Clippenger *v.* Hepbaugh, 5 Watts & Serg. 315.

*Agnew*, contrà.—Fraud was not raised by the issue, the question being satisfaction merely; 2 Watts & Serg. 225, 7 Watts & Serg. 394. The act of 1836 imposes no penalty on non-compliance with its requisites, but making the partnership general; and then the simple question is, can one partner secure another as against his own creditor?

*Oct.* 18. PER CURIAM.—Lacock and Power entered into what they supposed to be a special partnership, in which Lacock was intended to be the special, and Power to be the general partner; but neglecting to have the articles recorded according to the statute, they unconsciously became general partners. The judgment in question was confessed by Power, to secure Lacock for his share of the capital put into the concern; and Purdy, a separate and subsequent creditor of Power, attempts to put it aside to make way for his own. If Lacock and Power had been special partners, as they supposed they were, a question might have been raised, whether this judgment might not have been fraudulent against the

(*a*) Whether these were for causes of action growing out of the partnership transaction did not appear. It would seem they were not.

joint creditors, as a virtual withdrawal of Lacock's special advancement towards the capital by decreasing their recourse to Power's separate estate. But the statute which authorizes a special partnership to be formed, and the responsibilities which grow out of it, have nothing to do with the question whether a judgment confessed by a partner, to a co-partner, to secure his share of the capital put in, is fraudulent against a separate creditor who did not contract on the credit of the partnership effects. To state such a question is to decide it. The contesting parties stand here precisely as if there was no judgment at all. The reception of the bond of indemnity from Power and Lacock to Pinney, if it was erroneous, certainly did Purdy no injury; and the judgment is not to be shaken on that ground.

<div style="text-align:right">Judgment affirmed.</div>